# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-31210
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 29, 2014

Lyle W. Cayce
Clerk

JANET ROBINSON, individually and on behalf of her minor child A.R.,

     Plaintiff - Appellant

v.

ST. TAMMANY PARISH PUBLIC SCHOOL SYSTEM; KEVIN DERUSE, in his individual capacity and in his official capacity as Hearing Officer for the St. Tammany Parish School System,

     Defendants – Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-351

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

Janet Robinson, individually and on behalf of her minor child A.R., appeals the district court's grant of summary judgment in favor of the defendants in her action bringing constitutional and Louisiana state law claims resulting from the defendants' decision to transfer A.R. to another high school. For the following reasons, we AFFIRM the district court's ruling.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-31210

I.

Janet Robinson is A.R.'s mother. On January 28, 2011, A.R. rode a St. Tammany Parish school bus while on a class field trip. Other students accused A.R. of sexual misconduct, leading to an investigation. Kevin Darouse, as the St. Tammany Parish School Board's ("Board") supervisor of administration, acted as the hearing officer in A.R.'s case, and held proceedings on February 16, 2011. A.R.'s mother and legal counsel participated in the hearing, and Darouse informed those present of the allegations of misconduct and of the evidence against A.R. At the end of the hearing, A.R. was transferred to another school for three months. Robinson alleges that she requested that the Board review Darouse's determination and punishment, but that the Board never set a time to review the hearing officer's findings.

Robinson filed suit in federal district court on February 3, 2012, seeking relief under 42 U.S.C. § 1983 for violations of her Fourth and Fourteenth Amendment rights. In addition to her federal claims, Robinson alleged that the defendants' actions violated A.R.'s due process rights under Article I § 2 of the Louisiana Constitution. She also brought claims under Louisiana law for (1) intentional infliction of emotional distress against Darouse, (2) negligence for the Board's failure to train and supervise its employees, and (3) defamation.[1]

On October 18, 2013, the district court granted defendants' motion for summary judgment, holding that Darouse's conduct did not violate either Robinson's or A.R.'s procedural or substantive due process rights under the federal or state constitutions. The court also held that, under Louisiana law,

---

[1] The district court dismissed Robinson's claims under the Fourth Amendment on February 15, 2013. Robinson has not appealed this decision.

2

the Board was not required to schedule a hearing to review Darouse's decision because A.R. was only transferred to another school and not expelled.

The district court granted summary judgment against Robinson on her state law claims as well.  Robinson's claim for intentional infliction of emotion distress failed because the district court found that "[i]t cannot be said that Darouse's conduct exceeded 'all possible bounds of decency.'  He simply investigated the allegations that others made and provided the accused a chance to respond, as was his job to do."  Her negligence claim was untimely under Louisiana's one-year prescriptive term for delictual actions because she did not file suit until February 3, 2012, more than one year after the alleged negligent acts took place.  Finally, the court held that "Darouse [could] not be liable for defamation because he made his statement within the scope of his duties as a disciplinary hearing officer, and . . . [was] therefore entitled to judgment as a matter of law."  Robinson appeals.

## II.

We review a district court's grant of summary judgment de novo, applying the same standard on appeal as that applied below.  *Tiblier v. Dlabal*, 743 F.3d 1004, 1007 (5th Cir. 2014).  Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

Robinson raises six issues on appeal.  First, she claims that the district court failed to view disputed facts in the light most favorable to the nonmoving party.  Second, she argues that the district court erred in its due process holdings by failing to appreciate that Darouse's decision was "fully formulated" prior to A.R.'s hearing.  Third, she asserts that the district court incorrectly found Darouse entitled to qualified immunity, again based on the contention

that he "determin[ed] the outcome of the hearing before the commencement of said hearing, in contravention of clearly established law." Fourth, she challenges the court's ruling that the Board was not liable for failure to review Darouse's finding. Robinson's fifth and sixth issues contest the district court's holdings on her state law claims for defamation and negligence.[2]

Addressing Robinson's first three issues together, we hold that the district court applied the correct standard for summary judgment, and find that defendants' uncontroverted evidence dictated the court's grant of summary judgment in their favor. Robinson does not dispute that Darouse held a hearing in which she and her daughter, together with legal counsel, participated. But she asserts that Darouse "clearly indicated that his decisions to: (1) find A.R. guilty; and (2) disciplinarily reassign A.R. was fully formulated prior to commencement of the hearing in which A.R. was summoned to appear for purposes of determining her guilt or innocence." She bases this assertion on the following excerpt from Darouse's deposition:

> Q. All right. All right. So here's my question to you: Prior to the hearing, prior to you ever even seeing Mr. Heron and I or Ms. Robinson, you said you had a plan, correct?
> A. Uh-huh (affirmatively).
> Q. I'm asking you, what was that plan?
> A: I find her guilty. She would go to Lakeshore High School on disciplinary reassignment.

We hold that this excerpt, standing alone, is insufficient to raise a genuine dispute as to whether Darouse's mind was so foreclosed that he was unable to give A.R. a fair and impartial hearing. To say that Darouse had a "plan" for what he would do is not to say that he had already decided the matter before conducting A.R.'s hearing. Indeed,

---

[2] Robinson does not appeal the court's ruling on her intentional infliction of emotional distress claim.

immediately following the excepted portion, Darouse clarifies that he was only "pretty certain" as to what his ultimate decision would be:

> Q. All right. And you had already pretty much based on—if it's not fair, you tell me—but it's fair to say based on what you had already heard at the other three hearings, you were pretty certain that's how you were going to rule, right?
>
> A. I was pretty certain.

After listening to the evidence set forth in three prior hearings, it is natural that Darouse had an idea of what his "plan" would be going forward in A.R.'s case. But this is not enough to call into question his willingness to listen to A.R.'s version of what happened and change his mind accordingly. We hold that the district court did not err because Robinson failed to raise a genuine dispute as to whether Darouse entered A.R.'s hearing with a foreclosed mind.

Robinson next argues that the Board violated Louisiana Revised Statute section 17:416(C)(4) by failing to review Darouse's decision. We hold that the district court correctly found that the Board was under no obligation to review Darouse's findings because A.R. was not expelled.

Section 17:416(C)(4) provides: "The parent or tutor of the pupil may, within five days after the decision [to expel] is rendered, request the city or parish school board to review the findings of the superintendent or his designee at a time set by the school board." La. Rev. Stat. Ann. § 17:416. But, as Robinson concedes, A.R. was not expelled, and therefore appellants had no right to review by the Board under section 17:416(C)(4). *See Bonner v. Lincoln Parish Sch. Bd.*, 28,993 (La. App. 2 Cir. 12/11/96); 685 So. 2d 432, 435 ("James's suspension was reduced to five days and the previous recommendation for expulsion was dropped. Thus, James did *not* have a right to further

appeal the decision to the entire school board."). We hold that the district court did not err in finding that section 17:416(C)(4) did not apply to A.R. because she was not expelled.[3]

Robinson argues that Darouse's truthful statement that A.R. was being transferred from Mandeville High School to Lakeshore High School "carried the false, defamatory implication that A.R. performed oral sex on a school bus." According to her, because Darouse knew of the rumors of A.R.'s alleged sexual conduct on the school bus, his statements—first that she was being transferred to protect her from rumors, and then correcting that statement to say that it was a disciplinary reassignment—"was clearly defamation by innuendo or implication" and defamatory per se. We hold that the district court correctly found that Darouse could not be liable for defamation as a matter of law.

As the district court noted, under Louisiana law "no person shall have a cause of action against any school employee based on any statement made or action taken by the school employee provided that the action or statement was within the course and scope of the school employee's duties." La. Rev. Stat. Ann. § 17:439. Robinson introduced no evidence to suggest that Darouse made any statement other than those made during the course of the February 16, 2011 disciplinary hearing. Nor does she dispute that Darouse was a "school employee" or that during the hearing he was acting "within the course and scope of [his] duties." Even assuming that Darouse's statements met the

---

[3] Robinson calls to this court's attention *McCall v. Bossier Parish School Board*, 34,983 (La. App. 2 Cir. 3/16/2001); 785 So. 2d 57, where students who were expelled and transferred to an alternative school were deemed entitled to review by the school board. We find this case inapposite because the students in *McCall* were expelled, whereas A.R. was only transferred to another regular education high school.

elements of defamation under Louisiana law, we hold that the district court correctly found that Darouse could not be liable for defamation because any defamatory statements were made within the scope of his duties as the Board's hearing officer.

Finally, Robinson appeals the district court's holding that her claims of negligence for failure to supervise or train prescribed because she filed suit more than one year after January 28, 2011, the date of the field trip and bus ride. We hold that the district court correctly found Robinson's negligence claims against the Board to have prescribed.

Pursuant to Louisiana Civil Code article 3492, "[d]elictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." La. Civ. Code Ann. art. 3492. In her complaint, Robinson alleged that "[i]f the allegations brought forth by [Darouse] are true, then Plaintiff asserts that [St. Tammany Public School System] failed to adequately train the two teachers who acted as chaperones and monitors for the trip, as they failed to adequately supervise the students." Robinson acknowledges that her negligence claims were raised "in the alternative," as there would be no negligence if, as she contends throughout, there was no misconduct by A.R. in the first instance. She further contends that her negligence claim should be preserved via the Louisiana civil law maxim of *contra non valentem non currit prescriptio*, which prevents the running of liberative prescription when there is some legal cause that prevented plaintiff from bringing suit in a timely manner.

Without reaching the merits of her negligence claim, we affirm the district court's finding of prescription. Even assuming negligence on the part of the school district, the negligent acts could only have occurred on

or before January 28, 2011, more than one year before Robinson filed her complaint.  Robinson provides no authority or logic that would support a conclusion that, based on the unique facts of this case, she or A.R. would only have learned of her injury for prescription purpose at the moment either the hearing officer or the district court found that the misconduct she denies committing actually occurred.

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment against Robinson and A.R.